**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3253
_____

BARBARA STOVER BANKS;
GRALIN WILLIAM BANKS


v.

TUNIC GROUP LLC; IRIS MARIA RIOS;
SAUL RIOS; HERMINIO RIOS; CARLOS HERNANDEZ

Barbara Stover Banks,
                                       Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:25-cv-16581)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2026
Before: CHAGARES *Chief Judge*, HARDIMAN and FREEMAN, *Circuit Judges*

(Opinion filed: July 28, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I.

The appellants, Barbara Stover Banks and Gralin W. Banks (collectively, "the Bankses"), appeal the District Court's order dismissing their complaint. We will affirm the District Court's judgment.

The Bankses brought this case in District Court alleging that their apartment's superintendent, management, and maintenance staff had entered their home without permission and stolen their belongings. The Bankses stated that the District Court had federal question jurisdiction and listed New Jersey as the state of citizenship for all parties.[1] The District Court screened the complaint and dismissed it sua sponte without prejudice for lack of subject matter jurisdiction, providing the Bankses with leave to amend. In lieu of amending their complaint, the Bankses appealed.[2]

## II.

In their appeal, the Bankses argue that the District Court misapplied the law and were prejudiced and biased against them. The Bankses argue that the District Court should have applied federal anti-discrimination and criminal law instead of making a determination regarding the existence of federal question jurisdiction.

---

[1] They also listed New Jersey addresses for themselves and all but one of the appellees.

[2] We construe their appeal as indicating that they stood on their complaint, thereby rendering the District Court's order final for the purposes of 28 U.S.C. § 1291. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992). Because the Notice of Appeal was timely filed, we have jurisdiction under § 1291. We exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction. *See McCann v. Newman Irrevocable Tr.,* 458 F.3d 281, 286 (3d Cir. 2006).

But we see no evidence of prejudice or bias,[3] and in any event, district courts have an obligation to assess their subject matter jurisdiction to hear a case before reaching the merits. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). It is the plaintiffs' burden to demonstrate that the court has jurisdiction. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

The Bankses asserted that the District Court had subject matter jurisdiction on the basis of a federal question. However, in their complaint they do not invoke the Constitution or any federal laws or treaties of the United States.[4] Thus, the District Court correctly concluded that it did not have federal question jurisdiction under 28 U.S.C. § 1331.

The Bankses also did not show that the District Court had diversity jurisdiction. For diversity jurisdiction to exist, "no plaintiff may be a citizen of the same state as any defendant." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (cleaned up); *see also* 28 U.S.C. § 1332(a). The Bankses conceded that all parties are citizens of New Jersey in their complaint.

---

[3] Unfavorable rulings, without more, are insufficient. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); *see also United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989) (stating that motions to recuse cannot rest on "possibilities" and "unsubstantiated allegations").

[4] In their brief on appeal the Bankses cite "Civil rights Acts Title VIII of 1964 Harassment," "Federal Harassment Protections 1967," "Americans with Disabilities Acts," "2020 U.S. Code Title 18, "Crimes and Procedure," and "Citation 18 U-S-C § 2112 (2020)." C.A. No. 8 at 4. But we ordinarily do not consider on appeal arguments not presented to the District Court and, in any event, the Bankses do not explain how any of these federal laws are implicated by the alleged theft of their property. Accordingly, any such arguments are forfeited. *In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016).

Accordingly, we will affirm the District Court's judgment.